**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CURTIS L. GIBSON,                              )
                                               )
                    Plaintiff,                 )
                                               )
        vs                                     )        Civil Action No. 23-1711
                                               )
                                               )        Magistrate Judge Dodge
LAUREL HARRY, et al.,                          )
                                               )
                    Defendants.                )

## MEMORANDUM OPINION

Plaintiff, Curtis L. Gibson, an inmate incarcerated in the State Correctional Institution at Fayette, Pennsylvania ("SCI Fayette"), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Laurel Harry, the Secretary of the Pennsylvania Department of Corrections ("the DOC"), as well as two unnamed John/Jane Doe mailroom employees.[1] Plaintiff raises claims relating to interference with his legal mail, citing the First and Fourteenth Amendments to the United States Constitution.

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint (ECF No. 25). For the reasons that follow, the motion will be granted.

### I.    Relevant Procedural History

Plaintiff initiated this action by submitting a Complaint along with a motion to proceed in forma pauperis (ECF No. 1). Plaintiff's IFP motion was subsequently granted (ECF No. 4) and the Complaint was docketed on October 10, 2023 (ECF No. 6). He subsequently supplemented the Complaint on January 11, 2024 (ECF Nos. 14, 15). The Court has federal question subject

---

[1] In the brief in support of the motion to dismiss, Defendants indicate that the Doe Defendants "have been identified as Ashley Traficante, SCI Fayette's Mailroom Supervisor and Tiffany Binns." (ECF No. 26 at 2.)

matter jurisdiction over the civil rights claims asserted.

On March 28, 2024, Defendants filed a motion to dismiss (ECF No. 25), which has been fully briefed (ECF Nos. 26, 30).

## II.   **Factual Background**

Plaintiff alleges that, from March 14, 2023 until August 15, 2023, legal mail sent to him from the Clerk of Court of the United States Supreme Court was rejected on five separate occasions by SCI Fayette because it did not have the proper code on it. (Compl. at 4.) Attached to his Complaint are five "Unacceptable Correspondence Forms," representing each of these incidents. (Compl. Ex. 1 at 1-5.) Each of these forms has the same language and instructions regarding the inmate's right to appeal. Plaintiff has also attached the grievances he submitted on each occasion, along with the Facility Manager's Appeal Response and the Final Appeal Decision for each. (*Id.* at 6-16.)

Plaintiff requests $500.00 in damages for each piece of mail withheld and an additional $500.00 in punitive damages for each incident other than the first one, on the ground that "a mistake could occur once, but not continue back to back, continuously until 8/15/2023." (Compl. at 5.)

## III.   **Standard of Review**

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests."

*Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679.

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. [If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

In ruling on a Rule 12(b)(6) motion, courts generally consider only the complaint, exhibits attached thereto, and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). Therefore, the Court can review the documents Plaintiff has attached to the Complaint without converting Defendants' motion into a motion for summary judgment.

**IV.**   **<u>Discussion</u>**

Plaintiff's Complaint asserts a claim under the First Amendment regarding his access to the courts and a second claim under the Due Process Clause of the Fourteenth Amendment. *See Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006). Defendants move to dismiss both claims.

1.   <u>Due Process Claim</u>

Pursuant to the Fourteen Amendment, states may not deprive "any person" of their liberty

"without due process of law." U.S. Cons. amend. XIV § 1. "One such liberty, even for prisoners . . . is the freedom to correspond by mail." *Vogt v. Wetzel*, 8 F.4th 182, 186 (3d Cir. 2021) (citing *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds by Thornburgh v. Abbott*, 490 U.S. 401 (1989)). As noted by the Court of Appeals, the Supreme Court held in *Procunier* that:

> the interest "in uncensored communication by letter . . . is plainly a liberty interest." [416 U.S.] at 418, 94 S. Ct. 1800 (cleaned up). So prisons must provide "minimum procedural safeguards" when they "censor or withhold delivery of a particular letter." *Id.* at 417, 94 S. Ct. 1800. Notice and a reasonable chance to challenge the original official's decision satisfy due process." *Id.* at 418-19, 94 S. Ct. 1800."

*Id.*

Defendants argue that as demonstrated in the Complaint and its attachments, Plaintiff received notice and an opportunity to challenge the decisions to withhold from him the Supreme Court's mailings. Thus, they contend, Plaintiff's due process rights were satisfied. *See Ingram v. Mendoza*, 2022 WL 3716502, at *2 (D.N.J. Aug. 29, 2022) (inmate who appeared to have received notice and was clearly provided with an opportunity to dispute the confiscation of his mail could not state a plausible claim under the due process clause); *Darby v. New Jersey Dep't of Corr.*, 2022 WL 2347145, at *6 (D.N.J. June 29, 2022) (same).

As the Complaint clearly indicates, although the mailings from the Clerk of the Supreme Court were rejected, the form provided to Plaintiff in each of the five instances when mail was rejected placed him on notice that his mail was being returned to sender because "privileged mail has incorrect coding." The form also advised him of the right and the process by which to appeal. Plaintiff then proceeded to file grievances and appeals, all of which were rejected.

Thus, even though Plaintiff did not receive a favorable result, he nonetheless received all of the process he was "due" and he cannot state a claim under these circumstances. Therefore,

the motion to dismiss will be granted with respect to Plaintiff's due process claim.

### 2. First Amendment Claim

As summarized by the Court of Appeals:

> Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996). However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement. *See id.* at 354-55, 116 S. Ct. 2174. Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury"—that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L.Ed.2d 413 (2002). To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy." *See id.* at 416-17, 122 S. Ct. 2179.

*Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (footnote omitted). Put another way, "[a]n access to courts claim is ancillary to the underlying claim, and, as such, [the inmate] must identify a nonfrivolous, arguable underlying claim." *Harper v. Dinella*, 589 F. App'x 67, 69 (3d Cir. 2015).

Plaintiff has not identified any underlying claim that he was unable to pursue as a result of Defendants' actions or any information related to the communications from the Supreme Court. However, he indicates that he previously filed a case in the Middle District of Pennsylvania that was dismissed on April 29, 2020 and states that he "has appealed the case to the Supreme Court." (Compl. at 10.) An appeal from a district court first would be made to the Court of Appeals for the Third Circuit, not the Supreme Court. The Court notes that, on WESTLAW, there is a case called *Gibson v. Crouch*, 2020 WL 2063868, at *5 (M.D. Pa. Apr. 29, 2020), the dismissal of which was eventually affirmed by the Third Circuit, 2022 WL

7352267 (3d Cir. Oct. 13, 2022). No further appeals are listed and there is no record of Plaintiff having a case in the Supreme Court.

Therefore, based upon the current record, Plaintiff does not state a claim for denial of access to courts under the First Amendment. *See Hailey v. Wetzel*, 2021 WL 6051446, at *10 (W.D. Pa. Dec. 20, 2021) (plaintiff presented no evidence that he was prevented from pursuing a nonfrivolous or arguable claim and his access to courts claim was dismissed). With respect to this claim, the motion to dismiss will be granted.

## V.  **Amendment**

The Court of Appeals has held that "district courts must offer amendment—irrespective of whether it is requested—when dismissing a [pro se civil rights] case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). *See also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Given the fatal deficiencies of Plaintiff's due process claim, allowing him to amend would be futile. No amendment could change the fact that he received notice and an opportunity to challenge the withholding of his mail. Therefore, it would be futile to allow him to amend this claim and the dismissal of this claim will be with prejudice.

On the other hand, because Plaintiff has not identified what legal claim he was pursuing, the nature of the mail sent by the Supreme Court or the manner in which, if at all, the failure to receive mailings from the Supreme Court impeded his access to the courts, it cannot be stated definitively that he did not suffer a direct injury as a result of not receiving them. Therefore, this claim will be dismissed without prejudice and with leave to amend.

For these reasons, the Motion to Dismiss Plaintiff's Complaint (ECF No. 25) will be granted.

An appropriate order follows.


Dated:  May 23, 2024                                    /s/Patricia L. Dodge
                                                        Patricia L. Dodge
                                                        United States Magistrate Judge


cc:     Curtis L. Gibson
        BI-5077
        SCI Fayette
        48 Overlook Drive
        LaBelle, PA 15450-0999