IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CURTIS L. GIBSON, | ) |
| Plaintiff, | ) ) ) |
| vs | ) Civil Action No. 2:23-1711 |
| LAUREL HARRY, et al., | ) ) Magistrate Judge Patricia L. Dodge |
| Defendants. | ) ) ) |

**MEMORANDUM OPINION**

Plaintiff, Curtis L. Gibson, an inmate incarcerated in the State Correctional Institution at Fayette, Pennsylvania ("SCI Fayette"), brings this pro se civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Laurel Harry, the Secretary of the Pennsylvania Department of Corrections ("the DOC"), T. Walker, the Superintendent of SCI Fayette, and two mailroom employees, T. Binnis and S. Battaglini. Plaintiff raises a claim of denial of access to the courts relating to interference with his legal mail, citing the First and Fourteenth Amendments to the United States Constitution.

Currently pending before the Court is Defendants' motion to dismiss Plaintiff's Amended Complaint (ECF No. 58). For the reasons that follow, the motion will be granted.

**I.   Relevant Procedural History**

Plaintiff initiated this action by submitting a Complaint along with a motion to proceed in forma pauperis (ECF No. 1). Plaintiff's IFP motion was subsequently granted (ECF No. 4) and the Complaint was docketed on October 10, 2023 (ECF No. 6). He subsequently supplemented the Complaint on January 11, 2024 (ECF Nos. 14, 15). The Court has federal question subject matter jurisdiction over the civil rights claims asserted.

On March 28, 2024, Defendants filed a motion to dismiss (ECF No. 25). On May 23, 2024, an opinion (ECF No. 35) and order (ECF No. 36) were filed, which granted the motion and dismissed due process claim with prejudice but dismissed the denial of access to courts claim without prejudice and with leave to amend.[1] In its opinion, the Court stated that:

> On the other hand, because Plaintiff has not identified what legal claim he was pursuing, the nature of the mail sent by the Supreme Court or the manner in which, if at all, the failure to receive mailings from the Supreme Court impeded his access to the courts, it cannot be stated definitively that he did not suffer a direct injury as a result of not receiving them. Therefore, this claim will be dismissed without prejudice and with leave to amend.

ECF No. 35 at 6.

On December 17, 2024, after certain procedural issues were resolved, Plaintiff filed a motion to amend his complaint which attached a proposed amended complaint. His motion was denied without prejudice as the Court identified several issues with his proposed amendment. (ECF No. 55.) Of relevance here, the Court noted that Plaintiff "was ordered to explain how the failure to provide him with mailings from the Supreme Court impeded his access to the Court, but he has not done so. Plaintiff will be given one final opportunity to amend his Complaint." *Id.*

On January 7, 2025, Plaintiff filed an Amended Complaint (ECF No. 56). Defendants then filed a motion to dismiss the Amended Complaint (ECF No. 58), which has been fully briefed (ECF Nos. 59, 63).[2]

---

[1] Defendants refer to the Court's Opinion as a Report and Recommendation and the Order issued on the same date as adopting the Report and Recommendation. However, the parties have consented to full jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF Nos. 2, 29.)

[2] Defendants first move under Rule 42 for this case to be consolidated with another case Plaintiff has filed at Civ. A. No. 24-974. Because consolidation is not an alternative to dismissal, and because the motion to dismiss will be granted as to this claim, there is no need to examine the issue of consolidation.

## II. Factual Background

Plaintiff alleges that, from March 14, 2023 until August 15, 2023, legal mail sent to him from the Clerk of Court of the United States Supreme Court was rejected on five separate occasions by Binnis because it did not have the proper code on it. (Am. Compl. § 4.) He further alleges that Battaglini falsely stated that all mail is sent out the next business day but Plaintiff's postage slips show that that his mail was held from April 2 to April 9, 2024. Finally, he alleges that Superintendent Walker falsely stated that a postage machine was broken, thereby committing perjury. (*Id.*)

Plaintiff requests $2,500.00 in damages from each defendant. (Am. Compl. § VI.)

## III. Standard of Review

The Supreme Court has issued two decisions that pertain to the standard of review for failure to state a claim upon which relief could be granted. The Court held that a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice' but also the 'grounds' on which the claim rests." *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). In determining whether a plaintiff has met this standard, a court must reject legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" "labels and conclusions;" and "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citations omitted). Mere "possibilities" of misconduct are insufficient. *Id.* at 679.

As noted by the Court of Appeals for the Third Circuit in *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011), a 12(b)(6) inquiry includes identifying the elements of a claim, disregarding any allegations that are no more than conclusions and then reviewing the well-pleaded allegations of the complaint to evaluate whether the elements of the claim are sufficiently alleged. [If a claim "is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 236 (3d Cir. 2008) (citation omitted).

## IV.     Discussion

Plaintiff's Amended Complaint asserts a claim under the First Amendment regarding his access to the courts.[3] *See Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006). Defendants move to dismiss this claim.

As summarized by the Court of Appeals:

> Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L.Ed.2d 606 (1996). However, prisoners may only proceed on access-to-courts claims in two types of cases, challenges (direct or collateral) to their sentences and conditions of confinement. *See id.* at 354-55, 116 S. Ct. 2174. Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an "actual injury"—that they lost a chance to pursue a "nonfrivolous" or "arguable" underlying claim; and (2) that they have no other "remedy that may be awarded as recompense" for the lost claim other than in the present denial of access suit. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S. Ct. 2179, 153 L.Ed.2d 413 (2002). To that end, prisoners must satisfy certain pleading requirements: The complaint must describe the underlying arguable claim well enough to show that it is "more than mere hope," and it must describe the "lost remedy." *See id.* at 416-17, 122 S. Ct. 2179.

*Monroe v. Beard*, 536 F.3d 198, 205–06 (3d Cir. 2008) (footnote omitted). Put another way,

---

[3] To the extent that he again asserts a second claim under the Due Process Clause of the Fourteenth Amendment, he cannot do so because the motion to dismiss this claim was previously granted with prejudice and without leave to amend.

"[a]n access to courts claim is ancillary to the underlying claim, and, as such, [the inmate] must identify a nonfrivolous, arguable underlying claim." *Harper v. Dinella*, 589 F. App'x 67, 69 (3d Cir. 2015).

Plaintiff has not identified any underlying claim that he was unable to pursue as a result of Defendants' actions nor has he pleaded any facts regarding what information or communications may have been attempted by the Supreme Court. Notably, however, he indicates that he previously filed a case in the Middle District of Pennsylvania that was dismissed on April 29, 2020, that he appealed this denial to the Third Circuit and that Judge Ambro dissented from the order denying his petition for en banc review. The Court notes that, on WESTLAW, there is a case called *Gibson v. Crouch*, 2020 WL 2063868, at *5 (M.D. Pa. Apr. 29, 2020), the dismissal of which was eventually affirmed by the Third Circuit, 2022 WL 7352267 (3d Cir. Oct. 13, 2022). No further appeals are listed and there is no record of Plaintiff having any case before the United States Supreme Court.

Moreover, despite being advised multiple times by the Court that he needed to explain how the failure to provide him with mailings from the Supreme Court impeded his access to the Court, he has failed to do so.

Therefore, Plaintiff does not state a claim for denial of access to courts under the First Amendment. *See Hailey v. Wetzel*, 2021 WL 6051446, at *10 (W.D. Pa. Dec. 20, 2021) (plaintiff presented no evidence that he was prevented from pursuing a nonfrivolous or arguable claim and his access to courts claim was dismissed). As a result, the motion to dismiss will be granted.

Defendants also note that Plaintiff uses the phrase "deliberate indifference," suggesting that he is raising an Eighth Amendment claim based on false reports or documents being filed against him (although the Amended Complaint does not cite the Eighth Amendment). However,

as they observe, "issuance of false misconducts [is] not a sufficiently serious deprivation to support a claim of cruel and unusual punishment." *Booth v. Pence*, 141 F. App'x 66, 68 (3d Cir. 2005). *See also Jackson v. Schouppe*, 2018 WL 3361270, at *5 (W.D. Pa. July 10, 2018) ("The filing of a false misconduct report without more is not a cognizable constitutional claim.") Thus, to the extent he is raising an Eighth Amendment claim, it is also fatally deficient.[4]

### V. Amendment

The Court of Appeals has held that "district courts must offer amendment—irrespective of whether it is requested—when dismissing a [pro se civil rights] case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). *See also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

Given the fatal deficiencies of Plaintiff's access to the courts claim, the Court's instruction that an amended complaint must explain how the failure to provide him with mailings from the Supreme Court impeded his access to the Court, and the fact that he has already been given an opportunity to amend, allowing him to amend further would be futile. No amendment could change the fact that he has not identified a nonfrivolous claim that he was prevented from pursuing. Therefore, the dismissal of the Amended Complaint will be with prejudice.

For these reasons, the Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 58) will be granted.

An appropriate order follows.

---

[4] As noted above, Plaintiff also alleges that Superintendent Walker committed perjury, but "perjury is not a civil cause of action; it is a criminal charge." *Tucker v. Simon*, 2022 WL 6737722, at *3 (D.N.J. Oct. 11, 2022). *See also Mustafanos v. Ford*, 2020 WL 7028701, at *3 (D. Nev. Nov. 30, 2020) (28 U.S.C. § 1746 merely provides rules for submitting declarations under penalty of perjury, not civil causes of action.)

Dated: April 7, 2025                                    /s/Patricia L. Dodge
                                                                                     PATRICIA L. DODGE
                                                                                     UNITED STATES MAGISTRATE JUDGE